IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RANDY LEE REID, # 250418,      )
                               )
            Petitioner,        )
                               )
    v.                         )        Civil Action No. 3:15cv641-WKW
                               )                  (WO)
LEON FORNISS, *et al.*,        )
                               )
            Respondents.       )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

## I.   INTRODUCTION

This case is before the court on a *pro se* petition for writ of habeas corpus under 28

U.S.C. § 2254 filed by Alabama inmate Randy Lee Reid ("Reid") on September 3, 2015.

Doc. No. 1.[1]  Reid challenges his guilty plea conviction and resulting sentence for

trafficking in marijuana imposed by the Lee County Circuit Court in April 2013.  He was

sentenced as a habitual offender to life in prison.  In his § 2254 petition, he presents claims

that (i) he was denied access to the courts when the trial court did not grant him indigent

status to file a petition for post-conviction relief; (ii) the trial court lacked jurisdiction to

impose sentence because the State did not give him notice that it intended to sentence him

under the habitual offender statute; (iii) his guilty plea was obtained by an unlawful search

and seizure; and (iv) his trial counsel rendered ineffective assistance of counsel. *Id.* at 15–

---

[1] Document numbers ("Doc. No.") are those assigned by the clerk of court.  Citations to exhibits ("Resp'ts Ex.") are to exhibits included with the respondents' answer.  Page references are to those assigned by CM/ECF.

44.  The respondents argue that Reid's petition is time-barred by the one-year federal limitation period applicable to § 2254 petitions. *See* Doc. No. 11.  The court agrees and finds that Reid's petition should be denied as untimely.

## II.  DISCUSSION

AEDPA's One-Year Limitation Period

Title 28 U.S.C. § 2244(d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides the statute of limitations for federal habeas petitions and states:

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

<u>Relevant State Court Proceedings</u>

On April 5, 2013, Reid pleaded guilty in the Lee County Circuit Court to one count of trafficking in marijuana, in violation of § 13A-12-231(1), Ala. Code 1975. Resp'ts Ex. 1 at 2; Resp'ts Ex. 3. On that same date, the trial court sentenced him as a habitual offender to life in prison. Resp'ts Ex. 1 at 3; Resp'ts Ex. 3. Reid took no direct appeal.

On March 31, 2014, Reid filed a *pro se* petition in the state trial court seeking post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure. Resp'ts Ex. 4. His Rule 32 petition was accompanied by an application to proceed *in forma pauperis* ("IFP") and a certified prison account statement. Resp'ts Ex. 5. On April 16, 2014, the trial court entered an order denying Reid's IFP application, finding that his prison account statement showed he had received over $2,822 in deposits within the preceding twelve months. Resp'ts Ex. 7. On October 7, 2014, citing its denial of Reid's IFP application and Reid's failure to pay the filing fee, the trial court dismissed Reid's Rule 32 petition. Resp'ts Ex. 8.

On November 6, 2014, Reid filed a notice of appeal to the Alabama Court of Criminal Appeals, seeking to appeal the trial court's dismissal of his Rule 32 petition. Resp'ts Ex. 11. On November 25, 2014, the Clerk of the Alabama Court of Criminal Appeals issued a deficiency notice to Reid informing him that no docketing statement had been received by the court. Resp'ts Ex. 13. The Clerk also issued a deficiency notice to Reid informing him he was required to file a docket fee of $200 with his appeal. Resp'ts Exs. 13 & 14.

On December 17, 2014, the Alabama Court of Criminal Appeals dismissed Reid's appeal because he failed to comply with the order to pay the required docket fee within the allotted time and failed to show good cause for such failure. Resp'ts Ex. 16. The Alabama Court of Criminal Appeals issued a certificate of judgment that same day. Resp'ts Ex. 17.

On December 22, 2014, Reid applied for rehearing and reconsideration of the dismissal of his appeal. Resp'ts Ex. 18. On January 9, 2015, the Alabama Court of Criminal Appeals recalled the certificate of judgment it had issued on December 17, 2015. Resp'ts Ex. 19. On January 21, 2015, the Clerk of the Alabama Court of Criminal Appeals notified Reid that his application for rehearing was overruled; a new certificate of judgment was issued that same date by the Alabama Court of Criminal Appeals. Resp'ts Exs. 20 & 21.

On February 3, 2015, Reid filed a petition for writ of certiorari with the Alabama Supreme Court. Resp'ts Ex. 22. On February 5, 2015, the Alabama Court of Criminal Appeals recalled the certificate of judgment it had issued on January 21, 2015. Resp'ts Ex. 23. On March 13, 2015, the Alabama Supreme Court denied Reid's petition for writ of certiorari and issued a certificate of judgment. Resp'ts Ex. 24.

Analysis

Under 28 U.S.C. § 2244(d)(1)(A), the AEDPA's one-year limitation period for filing a § 2254 petition runs from the date on which the state judgment becomes final "by the conclusion of direct review or the expiration of the time for seeking such review." Because Reid took no direct appeal, his conviction became final for purposes of federal habeas review on May 17, 2013—i.e., 42 days after his April 5, 2013 sentencing—as this

was the date on which his time to seek direct review expired. *See* Ala.R.App.P. 4(b)(1) (criminal defendant has 42 days from sentencing to file notice of appeal); *McCloud v. Hooks*, 560 F.3d 1223, 1227 (11th Cir. 2009) ("A conviction is final at the conclusion of direct review or the expiration of the time for seeking such review."). The one-year period for Reid to file a § 2254 petition thus commenced on May 17, 2013. *See* 28 U.S.C. § 2244(d)(1)(A). Absent statutory or equitable tolling, Reid had until May 17, 2014, to file his § 2254 petition.

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation." 28 U.S.C. § 2244(d)(2); *McCloud*, 560 F.3d at 1227. Reid filed a Rule 32 petition in the trial court on March 31, 2014. The respondents maintain that, under § 2244(d)(2), this filing by Reid tolled the federal limitation period for him to file a § 2254 petition. When the Rule 32 petition was filed, the federal limitation period had run for 318 days (i.e., from May 17, 2013, to March 31, 2014). The state court proceedings related to the Rule 32 petition concluded, at the latest, on March 13, 2015, when the Alabama Supreme Court issued a certificate of judgment in the case. On that date, according to the respondents, Reid had 47 (i.e., 365 - 318) days remaining within which to file a timely federal habeas petition. The limitation period ran unabated for those 47 days, before expiring, the respondents say, on April 29, 2015. Reid did not file his § 2254 petition until September 3, 2015—127 days after the federal limitation period expired under the scenario argued by the respondents.

It is arguable that Reid's filing of a Rule 32 petition on March 31, 2014, and the subsequent state court proceedings related to his Rule 32 petition had no tolling effect under 28 U.S.C. § 2244(d)(2), because the Rule 32 petition was not "properly filed" for purposes of § 2244(d)(2). Reid's IFP application was denied by the trial court, and his Rule 32 petition was later dismissed when he failed to pay the filing fee. Federal district courts have recognized that a state court application for post-conviction relief is not "properly filed" in such circumstances. *See Kimber v. Jones*, 2013 WL 1346742, *3–5 (N.D. Ala. 2013); *Phillips v. Culliver*, 2009 WL 3414280, *4 (S.D. Ala. 2009); *Bailey v. Barrow*, 2005 WL 2397813, *3-4 (S.D. Ga. 2005); *Chilton v. Kelly*, 2012 WL 5423839, *2 (E.D. Va. 2012). If Reid's Rule 32 petition is deemed not "properly filed," so that tolling under § 2244(d)(2) was not operative in his case, the federal limitation period ran unabated for one year after May 17, 2013 (when his conviction became final), before expiring on May 19, 2014 (the first business day after May 17, 2014). Under this scenario, Reid's § 2254 petition was filed 472 days after the federal limitation period expired.

Under either scenario outlined above, Reid filed his § 2254 petition after the AEDPA's one-year limitation period lapsed.[2]

## Equitable Tolling

The limitation period in federal habeas proceedings may be equitably tolled on grounds apart from those specified in the habeas statute "when a movant untimely files

---

[2] The tolling provisions of 28 U.S.C. § 2244(d)(1)(B)–(D) do not provide safe harbor for Reid by affording a different triggering date such that the AEDPA's limitation period commenced on some date later than May 17, 2013, or expired on some date later than (i) April 29, 2015 (under the respondents' scenario applying tolling under § 2244(d)(2)), or (ii) May 19, 2014 (under the scenario where Reid obtained no tolling under § 2244(d)(2)).

because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). Equitable tolling is an extraordinary remedy applied only sparingly. *Logreira v. Secretary Dept. of Corr.*, 161 F. App'x 902, 903 (11th Cir. 2006). A petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). The burden of establishing entitlement to equitable tolling rests with the petitioner. *Hollinger v. Sec'y Dep't of Corrs.*, 334 F. App'x 302, 306 (11th Cir. 2009).

Reid argues he is entitled to equitable tolling—and that the filing of his § 2254 petition beyond the AEDPA's limitation period should be excused—because, he says, he did not receive notice that his IFP application submitted with his state Rule 32 petition was denied, and that he would have to pay the filing fee for his Rule 32 petition, until October 7, 2014, when the trial court dismissed the Rule 32 petition based on his failure to pay the filing fee. Doc. No. 15 at 2. Even accepting Reid's claim as true, he fails to demonstrate the extraordinary circumstances and reasonable diligence required to warrant equitable tolling.

Following the October 2014 dismissal of his Rule 32 petition for his failure to pay the filing fee that the trial court had determined he was able to pay, rather than submitting another Rule 32 petition with the required filing fee or initiating a timely action for federal habeas relief, Reid undertook an ultimately unsuccessful effort in the state appellate courts to challenge the trial court's dismissal of his Rule 32 petition for nonpayment of the filing

7

fee. Those state court proceedings concluded, at the latest, on March 13, 2015, when the Alabama Supreme Court issued a certificate of judgment in the matter. On that date, under the respondents' scenario where Reid is afforded tolling under § 2244(d)(2) during the pendency of the state court proceedings, Reid still had 47 days remaining on the federal clock—i.e., until April 29, 2015—to file a timely federal habeas petition. However, he did not file his § 2254 petition until September 3, 2015—127 days after April 29, 2015. Thus, under the scenario argued by the respondents, where Reid obtained tolling under § 2244(d)(2), Reid filed his § 2254 petition over four months after the AEDPA's limitation period lapsed.

Even under a scenario where Reid did not obtain statutory tolling under § 2244(d)(2) but this court allows him equitable tolling from his March 31, 2014 filing of his Rule 32 petition through the March 13, 2015 conclusion of the state court proceedings in which he challenged the ruling of the trial court dismissing the Rule 32 petition for nonpayment of the filing fee, Reid still filed his § 2254 petition with this court over four months after the AEDPA's limitation period lapsed, as he has shown no basis for equitable tolling beyond that date on which the state court proceedings regarding his Rule 32 petition concluded.[3] Any delay in filing his § 2254 after March 13, 2015, is solely attributable to Reid.

---

[3] Reid argues that the trial court violated his rights by wrongfully denying his IFP application for his Rule 32 petition. Doc. No. 1 at 5; Doc. No. 2 at 12–13. It is clear that, for purposes of Alabama law, the trial court acted within its discretion in this regard. The civil filing fee was $349.00. *See* Resp't Ex. 26. Reid's certified prison account statement showed $2,228.12 in deposits to his account in the 12 months preceding the filing of his Rule 32 petition. Resp't Ex. 5 at 3; Resp't Ex. 7. The Alabama appellate courts have declined to compel trial courts to grant IFP status in Rule 32 proceedings under circumstances that tended to show the petitioner's inability to pay even more strongly than that. *See Ex parte Wyre*, 74 So.3d 479,

For a habeas petitioner to obtain relief through equitable tolling, there must be a causal connection between the alleged extraordinary circumstance and the untimely filing of the habeas petition. *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 1999); *see Lawrence v. Florida*, 421 F.3d 1221, 1226–27 (11th Cir. 2005). "[I]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Brown v. Shannon*, 322 F.3d 768, 773 (3rd Cir. 2003). Under the facts discussed above, the connection between Reid's alleged untimely receipt of notice that his IFP application submitted with his Rule 32 petition was denied and he would have to pay a filing fee—the "extraordinary circumstance" posited by Reid— and Reid's subsequent delay in pursuing his rights in federal court is too attenuated to justify equitable tolling. Reid's failure to demonstrate his reasonable diligence in pursuing his rights defeats his eligibility for equitable tolling.

---

481–82 (Ala. Crim. App. 2011) (holding that trial court acted within its discretion in denying IFP status where petitioner had received $876.52 in deposits during the 12 months preceding the filing of his Rule 32 petition); *Ex parte Holley*, 883 So.2d 266, 268–69 (Ala. Crim. App. 2003) (same, where statement showed monthly deposit balances as high as $185); *State v. Thomas*, 137 So.3d 993, 934 n.3 (Ala. Crim. App. 2012) (stating in dicta that trial court could have denied IFP application where account statement showed deposits of $657.14 in the preceding 12 months). Alabama procedure expressly allows for Rule 32 petitioners to proceed IFP upon a proper showing of indigency. "It can be assumed that, as a prisoner, [Reid] would generally have no significant expenses related to his own maintenance. *See Rivera v. Allin*, 144 F.3d 719, 722 (11th Cir. 1998) ('Prisoners ... live in a nearly cost-free environment ...)." *Kimber v. Jones*, 2013 WL 1346742, *7 (N.D. Ala. 2013). Given that, in conjunction with considerations as to the amount of the filing fee at issue, $349.00, and the certified prison account statement showing deposits of $2,228.12 for the 12 months preceding his Rule 32 filing, Reid has failed to raise a colorable claim that the denial of his IFP application was so arbitrary that it violated his constitutional rights. *See Kimber* at *7.

Reid did not file his § 2254 petition within the AEDPA's limitation period, his petition is time-barred under § 2244(d) and his claims are not subject to further review.

## III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and this case DISMISSED with prejudice, as the petition was filed after expiration of the one-year limitation period in 28 U.S.C. § 2244(d).

The Clerk of the Court is DIRECTED to file the Recommendation of the Magistrate Judge and to serve a copy on the petitioner. The petitioner is DIRECTED to file any objections to this Recommendation on or before June 5, 2017. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the petitioner objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th

Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th

Cir. 1993); *Henley v. Johnson,* 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 5th day of May, 2017.


/s/Terry F. Moorer
TERRY F. MOORER
United States Magistrate Judge