IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| RANDY LEE IRIVIN REID, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:15-CV-641-WKW |
| | ) | [WO] |
| LEON FORNISS and LUTHER STRANGE, | ) | |
| | ) | |
| | ) | |
| Respondents. | ) | |

# **ORDER**

On May 18, 2017, the Magistrate Judge filed a Recommendation (Doc. # 16) to which Petitioner timely objected (Doc. # 18). Upon an independent and *de novo* review of the record and consideration of the Recommendation, Petitioner's objection is due to be overruled, the Recommendation adopted, and this case dismissed as time-barred.

Reid does not challenge the Magistrate Judge's finding that he filed his habeas petition after the time allowed by 28 U.S.C. § 2244(d). The only question is whether the court should equitably toll the one-year limitations period and allow Reid to proceed with his petition.

As the Magistrate Judge explained in his Recommendation, "[e]quitable tolling is an extraordinary remedy which is typically applied sparingly." *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000). Courts will equitably toll a habeas

petitioner's limitations period "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Assuming *arguendo* that Reid pursued his rights diligently, the only "extraordinary circumstance" he suggests will not justify the tolling necessary to save his petition. Reid pleaded guilty to a drug trafficking charge on April 5, 2013, and was sentenced to life in prison that same day. After the time for direct appeal expired on May 17, 2013, Reid had one year to file a federal habeas action. 28 U.S.C. § 2244(d). 318 days passed before Reid filed a state court petition for post-conviction relief on March 31, 2014. The court assumes the time during which the state court petition was pending did not count toward the limitations period for Reid's subsequent habeas action.[1] *See* 28 U.S.C. 2244(d)(2). The state proceedings, in essence, paused the federal habeas clock. Thus, Reid proceeded in state court with 47 days left to file a federal petition, and he kept those 47 days until the conclusion of that litigation.

Reid nevertheless blames the state court for his failure to file a timely federal action. On April 16, 2014, the state trial court denied his application to proceed *in*

---

[1] The court thus assumes, without deciding, that Reid's Rule 32 petition was "properly filed" within the definition of § 2244(d)(2), although the Magistrate Judge's Recommendation casts doubt on this assumption. (Doc. # 16, at 6.)

*forma pauperis* on the state petition, but Reid says he did not learn about the denial until October, when the court dismissed his case. The state court's alleged failure to notify him of the denial is the "extraordinary circumstance" for which Reid argues the court should toll the statute of limitations.

But even under Petitioner's version of the facts, tolling would be inappropriate. After Reid learned of the dismissal of his state action and exhausted his appeals, he still waited another 174 days to file his habeas petition.[2] Thus, even if the court tolls the entire period during which Reid's state petition was pending, the 47 days he pocketed when he initiated his state case would not be enough to keep him inside the limitations window. Reid offers no explanation for how the state court's alleged failure to notify affected his ability to file a federal habeas action. Consequently, neither can the alleged blunder justify tolling any period after the conclusion of the state litigation.

Accordingly, it is ORDERED as follows:

1. The Magistrate Judge's Recommendation (Doc. # 16) is ADOPTED;

2. Petitioner's objection (Doc. # 18) is OVERRULED; and

3. This action is DISMISSED with prejudice because the petition was filed after expiration of the one-year limitation period in 28 U.S.C. § 2244(d).

---

[2] The Alabama Supreme Court denied Reid's petition for a writ of certiorari on March 12, 2015, and issued a certificate of judgment in the case on March 13, 2015. He did not file his federal petition until September 3, 2015.

3

A final judgment will be entered separately.

DONE this 5th day of July, 2017.

                                              /s/ W. Keith Watkins
                                  CHIEF UNITED STATES DISTRICT JUDGE